IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RAJAY DOBSON,<br>　　　Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | Cause No. EP-25-CV-298-LS |
| CHARISMA EDGE, Warden,<br>　　　Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Petitioner Rajay Dobson, Federal Prisoner Number 72572-509, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] His petition is denied.

## BACKGROUND

Dobson is a 34-year-old federal prisoner confined at the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the jurisdiction of this Court.[2]

Dobson "was extradited from Jamica to the United States … to face federal charges."[3] After his arrival, he "was served a final order of removal."[4] He pleaded guilty to conspiracy to commit mail fraud and was sentenced to 63 months' imprisonment.[5]

In his petition, Dobson complains that the Bureau of Prisons (BOP) has not permitted him to apply his First Step Act (FSA) Earned Time Credits (FTCs) toward his prerelease placement or early release to supervision because he has an Immigration and Customs Enforcement (ICE) detainer.[6] He asks the Court to declare that he is not barred from applying his FTCs and order

---

[1] Pet'r's Pet., ECF No. 1.
[2] *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 72572-509, last visited Mar. 24, 2026).
[3] Pet'r's Pet., ECF No. 1 at 1.
[4] *Id.*
[5] *United States v. Dobson*, 1:19-cr-98-CMA-2 (D. Colo.), J. Crim. Case, ECF No 207.
[6] Pet'r's Pet., ECF No. 1 at 1.

Respondent Charisma Edge to recalculate his projected release date accordingly.[7]

## STANDARD OF REVIEW

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."[8] Consequently, a prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[9] To prevail, a prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[10]

## ANALYSIS

Dobson claims that the BOP has denied him eligibility to apply FTCs toward his sentence based on an Immigration and Customs Enforcement detainer.[11]

The FSA creates incentives to encourage prisoners to participate in evidence-based recidivism reduction (EBRR) programs and productive activities (PAs).[12] It gives qualifying prisoners the opportunity to earn ten days of FTCs for every 30 days of successful participation in EBRR programs and PAs.[13] It allows qualifying offenders at a "minimum" or "low risk" of recidivating to earn an additional five days of FTCs if they do not increase their risk levels over two consecutive assessments.[14] It permits qualifying inmates to apply FTCs toward prerelease community-based placement in a residential reentry center or home confinement.[15] And, at the discretion of the Director, it permits qualifying prisoners to apply FTCs toward their early release to supervision.[16]

---

[7] *Id.* at 2.
[8] *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).
[9] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).
[10] 28 U.S.C. § 2241(c).
[11] Pet'r's Pet., ECF No. 1 at 1.
[12] 18 U.S.C. § 3632(d).
[13] *Id.* § 3632(d)(4)(A)(i).
[14] *Id*. § 3632(d)(4)(A)(ii).
[15] 18 U.S.C. § 3624(g)(2); 28 C.F.R. § 523.44(b)–(c).
[16] 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d).

But certain inmates are not eligible to receive FTCs based upon their crimes of conviction.[17] And other inmates are not permitted to apply their FTCs towards their prerelease custody or supervised release based on their status. So, for example:

> A prisoner is ineligible to apply time credits … if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)).[18]

The FSA makes no distinction between a final order of removal issued by a Department of Homeland Security officer pursuant to 8 U.S.C. § 1225(b)(1) or a final order of removal issued by an Immigration Judge pursuant to 8 U.S.C. § 1229a.[19]

Dobson concedes that he has been "served a final order of removal."[20] His records show that he is on an immigration detainer because a Department of Homeland Security officer has issued a final order of removal.[21]

## CONCLUSION AND ORDERS

The Court concludes that Dobson is explicitly prohibited by law from applying any accrued FTCs toward his early transfer to prerelease custody or supervised release.[22] Accordingly, it further concludes that Dobson cannot meet his burden of showing that he is in custody in violation of the Constitution or laws or treaties of the United States. The Court therefore enters the following orders:

**IT IS ORDERED** that Rajay Dobson's "Petition for Writ of Habeas Corpus" (ECF No. 1) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

---

[17] *See id.* § 3632(d)(4)(D).
[18] *Id.* § 3632(d)(4)(E)(i).
[19] *Id*.
[20] Pet'r's Pet., ECF No. 1 at 1.
[21] Resp't's Resp., Attach. 2 (Detainer Action Letter), ECF No. 7-4.
[22] *See* 18 U.S.C. § 3632(d)(4)(E).

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 10th day of April 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**